UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRACY FRACASSE and K. LEE BROWN, individually and on behalf of other similarly situated individuals | : : : : : | CIVIL ACTION NO. |
| PLAINTIFFS | : : | |
| V. | : : | DEMAND FOR JURY TRIAL |
| PEOPLE'S UNITED BANK | : : : | |
| DEFENDANT | : | MAY 3, 2012 |

## CLASS ACTION COMPLAINT

### NATURE OF THE ACTION

1.     This is an action brought by Individual and Representative Plaintiffs, Tracy Fracasse and K. Lee Brown (collectively "Plaintiffs"), on their own behalf and on behalf of the proposed class identified below.  Plaintiffs and the putative class members were or are employed by the Defendant, People's United Bank.  The Plaintiffs and the putative class members have been or are employed as "Underwriters" and were misclassified as exempt and erroneously denied overtime compensation as required by federal and state wage and hour

laws.  These employees are similarly situated under Federal Rule of Civil Procedures 23 ("Rule 23") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., including § 216(b).

2.      The Collective Class (FLSA) is made up of all persons who elect to opt into this action on the basis that they are or have been employed by the Defendant in the United States as underwriters and who were misclassified as exempt employees, and therefore erroneously and illegally denied overtime compensation as required by federal wage and hour laws, at any time within three years prior to this action's filing date through the date of final disposition for this action (the "Collective Class Period").

3.      The Connecticut Class (Rule 23) is made up of all persons who are or have been employed by the Defendant as underwriters and who were misclassified as exempt employees, and therefore erroneously and illegally denied overtime compensation as required by state wage and hour laws, within the State of Connecticut at any time within the period of two years prior to the filing date of this Complaint through the date of the final disposition of this action (the "Connecticut Class Period").

4.      During the Collective Class Period and the Connecticut Class Period, the Defendant failed to pay overtime compensation to each member of the Class as required by both federal and state law.  The Plaintiffs seek relief for the Connecticut Class pursuant to the Connecticut Minimum Wage Act ("CMWA"), General Statutes §§ 31-72.  The Plaintiffs also seek relief for the Collective Class under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. All of the relief sought is to remedy the Defendant's failure and refusal to pay all wages due.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because these claims arise under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., including § 216(b).

6.      This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  The state law claims arise from or are substantially related to the same acts giving rise to the federal claims.

7.      Personal jurisdiction over the Defendant is conferred on the basis that the cause of action set forth below arises out of business that the Defendant transacts in Connecticut and/or out of conduct within Connecticut.

8.      Venue is proper in this District because the actions complained of occurred in this District and/or the Defendant may be found in this District.

**THE PARTIES**

9.      Individual and Representative Plaintiff Tracy Fracasse was, at all relevant times, an adult individual residing in Hamden, Connecticut.  She was employed by the Defendant from approximately November 1983 through January 2012, and was promoted to the position of a mortgage underwriter in the Defendant's Bridgeport office in approximately August 2006.  She brings her claims on behalf of herself and the Collective Class and Connecticut Class.

10.     Individual and Representative Plaintiff K. Lee Brown was, at all relevant times, an adult individual residing in Wilton, Connecticut.  She was employed by the Defendant from approximately March 2009 through January 2012, as a mortgage underwriter in the Defendant's Bridgeport office.  She brings her claims on behalf of herself and the Collective Class and Connecticut Class.

11.     Upon information and belief, the Defendant, People's United Bank, is a federally chartered stock savings bank with its principal place of business and home office at 850 Main Street, Bridgeport, Connecticut 06604.

## COLLECTIVE ACTION ALLEGATIONS

12.     The Plaintiffs bring the First Claim for Relief on behalf of themselves and other similarly situated employees as authorized under the FLSA, 29 U.S.C. §§ 201 et seq., including § 216(b). The employees similarly situated include all persons who are or have been employed by the Defendant as "underwriters," and who were misclassified as exempt employees, and therefore erroneously and illegally denied overtime compensation as required by federal wage and hour laws, at any time within the United States within three years prior to this action's filing date through the date of final disposition of this action.

13.     Upon information and belief, the Defendant caused and/or suffered and/or permitted the Plaintiffs and the members of the Collective Class to work more than forty hours per week without overtime compensation.

14.     The Defendant's unlawful conduct has been widespread, repeated and consistent.

15.      Upon information and belief, the Defendant knew that the Plaintiffs and the members of the Collective Class performed work that required overtime compensation.  The Defendant has operated under a plan and scheme

to deprive these employees of overtime compensation by misclassifying them as exempt employees.

16.    The Defendant's conduct, as set forth in this Complaint, was deliberate, willful and in bad faith, and has caused significant damages to the Plaintiffs and the Collective Class.

17.    The Defendant is liable to the Plaintiffs and the Collective Class under the FLSA for failing and refusing to properly compensate the Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of the Defendant who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to the Defendant and are readily identifiable through the Defendant's records.  The Plaintiffs are ready, willing and able to provide the Court-ordered notice to the members of the Collective Class.

18.    The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CONNECTICUT CLASS ALLEGATIONS

19.    The Plaintiffs bring the Second Claim for Relief on their own behalf and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.  The Connecticut Class is defined as "all persons who worked for the Defendant as an underwriter in the State of Connecticut at any time during the period of two years prior to the filing of this Complaint to the entry of judgment in the case.

20.    The persons in the Connecticut Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, upon information and belief, the Defendant has employed at least 100 persons who satisfy the definition of the Connecticut Class.

21.    There are questions of law and fact common to this Connecticut Class that predominate over any questions solely affecting individual members of the Connecticut Class, including but not limited to the following:

     a.     whether the Defendant employed the members of the Connecticut Class within the meaning of the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 et seq.;

     b.     whether the Defendant's policy, practice and/or scheme of classifying the Plaintiffs and members of the Connecticut Class as exempt from overtime compensation under Connecticut law and the Defendant's policy and practice of failing and refusing to pay overtime compensation to the Plaintiffs and members of the Connecticut Class violated applicable provisions of Connecticut law, including applicable statutory and regulatory authority;

     c.     whether the Defendant failed and/or refused to pay the members of the Class for all the hours worked by them, as well as overtime compensation for hours worked in excess of forty hours per work week as required by Conn. Gen. Stat. § 31-58 et seq. and related regulatory authority;

     d.     whether the Plaintiffs and the members of the Connecticut Class are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of Connecticut law;

e.      whether the Defendant failed to keep accurate time records of all hours worked by the Plaintiffs and the members of the Connecticut Class in violation of Conn. Gen. Stat. § 31-66;

f.      what proof of hours worked is sufficient where an employer fails in its duty to maintain time records of all hours worked;

g.      whether the Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates Connecticut law; and

h.      what is the proper measure of damages sustained by the Connecticut Class;

22.    The Plaintiffs' claims are typical of those of the Connecticut Class. The Plaintiffs, like other members of the Connecticut Class, were subjected to the Defendant's policy and practice of refusing to pay overtime in violation of Connecticut law.  The Plaintiffs' job duties were also typical of the other members of the Connecticut Class.

23.    The Plaintiffs will fairly and adequately protect the interests of the Connecticut Class, and have retained experienced class counsel.

24.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant, particularly those with relatively small claims and those concerned with adverse consequences relating to their employment or role in the industry.

25.    Class certification of the Second Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because the Defendant has acted or refused to act on grounds generally applicable to the Connecticut Class, thereby making appropriate declaratory and injunctive relief.  The Connecticut Class is also entitled to injunctive relief to end the Defendant's common and uniform practice of failing to properly compensate its employees for all work performed for the benefit of Defendant.

26.    Class certification of the Second Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Connecticut Class predominate over any questions affecting only individual members of the Connecticut Class, and because a class action is superior to

other available methods for the fair and efficient adjudication of this litigation. The Defendant's common and uniform policies and practices denied the Connecticut Class the overtime compensation to which they are entitled. The damages suffered by the individual Connecticut Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

27.    The Plaintiffs intend, and are ready, willing and able to send notice to all members of the Connecticut Class to the extent required by Rule 23.

## STATEMENT OF FACTS

28.    Upon information and belief, the Defendant is the largest independent bank headquartered in New England and provides commercial and retail banking, as well as wealth management services through a network of approximately 369 branches in Connecticut, Massachusetts, Vermont, New York, New Hampshire and Maine.

29.    The Defendant controlled the nature and structure of the employment relationship with the Plaintiffs and the Collective

Class/Connecticut Class members, including their work schedules and conditions of employment.  The Plaintiffs and the members of the Collective Class/Connecticut Class were subject to the Defendant's employment policies and the Defendant provided the Plaintiffs and the members of the Collective Class/Connecticut Class with employment benefits.

30.    The Defendant operated the payroll system used to pay the Plaintiffs and the Collective Class/Connecticut Class members and maintained their employment records.

31.    For all times relevant to the Complaint, the Defendant operated in Connecticut, Massachusetts, Vermont, New York, New Hampshire and Maine.

32.    While employed as an underwriter for the Defendant, the Plaintiffs and Collective Class/Connecticut Class member were responsible for one or more of the following tasks: reviewing mortgage applications that had been declined by an automated underwriting system to determine whether the loan application should have been approved pursuant to the Defendant's clearly established guidelines; reviewing loan documentation to ensure completeness and accuracy; and conveying information to borrowers to facilitate the receipt of documents necessary to complete loan application.

33.    The work performed by the Plaintiffs and the Collective Class/Connecticut Class members did not require the exercise of discretion and independent judgment with respect to matters of significance, nor did it include work directly related to the management or general business operations of the Defendant.  Rather, the work involved the routine processing of producing of mortgage loans, which was a basic service provided by the Defendant.

34.    In the course of their employment, the Plaintiffs and Collective Class/Connecticut Class members were not authorized to make financial decisions and could not override the mortgage underwriting system without management's permission and direction.

35.    The Plaintiffs regularly worked in excess of forty (40) hours a week, yet the Defendant deliberately and willfully failed and/or refused to pay the Plaintiffs overtime compensation in the amount of one and one-half times their regular rate of pay in violation of the FLSA and the CMWA.

36.    Upon information and belief, it is the Defendant's uniform policy, practice and procedure not to pay overtime compensation to the Collective Class/Connecticut Class members.

37.     Upon information and belief, the Defendant failed to maintain accurate and sufficient time records to track the specific hours worked by the Plaintiffs and Collective Class/Connecticut Class members.

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime Compensation Required By Fair Labor Standards Act)

38.     The Plaintiffs, on behalf of themselves and all Collective Class Members, reallege and incorporate by reference Paragraphs 1 through 37 as if they were fully set forth herein.

39.     Pursuant to 29 U.S.C. § 216(b), the Plaintiffs consent in writing to be a part of this action.  The Plaintiffs' written consent forms are attached hereto.  Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

40.     At all relevant times, the Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(s)(1) and 207(a).

41.    At all relevant times, the Defendant employed, and/or continues to employ, the Plaintiffs and each of the Collective Class Members within the meaning of the FLSA.

42.    Upon information and belief, at all relevant times, the Defendant has had gross revenues far in excess of $500,000.

43.    The FLSA, 29 U.S.C §§ 201 et seq., requires each covered employer such as the Defendant to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

44.    At all relevant times, the Defendant had a policy and practice of failing and refusing to pay overtime compensation to the Plaintiffs and other Collective Class Members for any hours that they worked in excess of forty (40) hours per work week.

45.    As a result of the Defendant's deliberate and willful failure and refusal to compensate its employees, including the Plaintiffs and the Collective Class Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, the

Defendant has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a) and 215(a).

46.    As a result of the Defendant's deliberate failure and refusal to record, report, and/or preserve records of hours worked by the Plaintiffs and the Collective Class Members, the Defendant has failed and refused to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 211(c) and 215(a).

47.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

48.    The Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of their respective unpaid overtime and minimum wage compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

49.    The Plaintiffs, on behalf of themselves and the Collective Class, also seek recovery of their attorneys' fees and costs to be paid by the Defendant, as provided by the FLSA, 29 U.S.C. §§ 201 et seq., including § 216(b).

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Overtime Compensation Required By the**
**Connecticut Minimum Wage Act)**

50.    The Plaintiffs, on behalf of themselves and all Connecticut Class Members, reallege and incorporate by reference Paragraphs 1 through 37 as if they were fully set forth herein.

51.    The foregoing conduct, as alleged, violates the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58 et seq.

52.    At all relevant times, the Defendant has been, and continues to be, an employer within the meaning of the CMWA.

53.    At all relevant times, the Defendant employed, and/or continues to employ, the Plaintiffs and each of the Connecticut Class Members within the meaning of the CMWA.

54.    Pursuant to the CMWA, Conn. Gen. Stat. §§ 31-60 and 31-76C, Connecticut employers, including the Defendant, are required to compensate

all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

55.    During the Class Period, the Plaintiffs and the members of the Connecticut Class were not exempt from overtime compensation requirements under Connecticut law.

56.    The Plaintiffs and the members of the Connecticut Class have not, at any time during the Class Period, qualified under any exemption from the requirement that the Defendant pay them overtime compensation under the CMWA.  They are entitled to be paid overtime compensation for all overtime hours worked.

57.    At all relevant times, the Defendant had a policy and practice of failing and refusing to pay overtime pay to the Plaintiffs and the members of the Connecticut Class for their hours worked in excess of 40 hours per week.

58.    As a result of the Defendant's failure and refusal to pay wages earned and due, and its decision to withhold wages earned and due, to the Plaintiffs and the members of the Connecticut Class at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40

hours in a workweek, the Defendant has violated, and continues to violate, Conn. Gen. Stat. §§ 31-60 and 31-76c.

59.    Pursuant to Conn. Gen. Stat. § 31-66, Connecticut employers are required to keep records of each employee's hours worked and wages earned, at the place of employment, for three years. Similarly, Conn. Gen. Stat. § 31-13a requires Connecticut employers to provide a detailed written statement of each employee's hours worked and wages earned with each payment of wages.

60.    Because the Defendant deliberately, willfully and unlawfully misclassified the Plaintiffs and the members of the Connecticut Class as exempt from overtime pay requirements, the Defendant failed and refused to keep and furnish records of those employees' hours, as required under Connecticut law.

61.    By failing and refusing to record hours worked for its non-exempt employees, including the Plaintiffs and the members of the Connecticut Class, and by failing to furnish such records to each such employee with each wage payment, the Defendant failed to make, furnish, and keep such records in violation of Conn. Gen. Stat. §§ 31-13a and 31-66.

62.     The Defendant's failure and refusal to keep and furnish the required records of hours worked for the Plaintiff and the Class was deliberate, willful, knowing, intentional, arbitrary, unreasonable, and in bad faith.

63.     The Plaintiffs, on behalf of themselves and the members of the Connecticut Class, also seek recovery of attorneys' fees and costs of this action to be paid by the Defendant, as provided by Conn. Gen. Stat. § 31-68.

64.     The Plaintiffs, on behalf of themselves and the members of the Connecticut Class, seek damages in the amount of twice the unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, less any such wages paid, as provided by Conn. Gen. Stat. §§ 31-68 and 31-72, including the employer's share of the taxes required under the Federal Insurance Contribution Act ("FICA"), the Federal Unemployment Tax Act ("FUTA"), state unemployment insurance and any other required employment taxes; prejudgment interest at the rate of at least 12% pursuant to Conn. Gen. Stat. §§ 31-72 and 31-265; and such other legal and equitable relief from the Defendant's unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all members of the Collective Class, pray for the following relief:

(a)     Designation of this action as a collective action on behalf of the Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

(b)     A declaratory judgment that the practices complained of herein are unlawful under federal law;

(c)     Judgment against the Defendant for an amount equal to the Plaintiffs' and Collective Class' unpaid overtime wages at the applicable overtime rate;

(d)     An amount equal to the unpaid overtime damages as liquidated damages;

(e)     All costs and attorneys' fees prosecuting this claim;

(f)     An award of prejudgment interest (to the extent that liquidated damaged are not awarded);

(g)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

(h)     An order prohibiting the Defendant from retaliating against any plaintiff who joins this action as a member of the Collective Class; and

(i)     Such further relief as the Court deems just and equitable.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all members of the Connecticut Class, pray for the following relief:

(j)     Certification of this action as a class action on behalf of the proposed Connecticut Class;

(k)     Designation of each named Plaintiff as a Representative of the Connecticut Class;

(l)     A declaratory judgment that the practices complained of herein are unlawful under Connecticut law;

(m)     Appropriate equitable and injunctive relief to remedy the Defendant's violations, including but not limited to an order enjoining the Defendant from continuing its unlawful practices;

(n)     Judgment against the Defendant for an amount equal to the Plaintiffs' and Connecticut Class' unpaid overtime wages at the applicable overtime rate;

(o)     An award of punitive damages, liquidated damages and/or statutory penalties where available under Connecticut law;

(p)     All costs and attorneys' fees prosecuting this claim;

(q)     An award of prejudgment and post judgment interest;

(r)     An order prohibiting the Defendant from retaliating against any plaintiff who joins this action as a member of the Connecticut Class; and

(s)     Such further relief as the Court deems just and equitable.

## **JURY DEMAND**

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.

Respectfully submitted,


By: _____
William H. Clendenen, Jr. (09772)
Kevin C. Shea (13781)
Clendenen & Shea, LLC
400 Orange Street
New Haven, Connecticut 06502
Ph:    203/787-1183
Fx:    203/787-2847

R. Bartley Halloran
Halloran & Halloran
City Place II - 15th Floor
185 Asylum Street
Hartford, CT 06103
Ph:    860/726.7810
Fx:    860/726.7813

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRACY FRACASSE and K. LEE BROWN, individually and on behalf of other similarly situated individuals | : : : : | CIVIL ACTION NO. |
| PLAINTIFFS | : : : | |
| V. | : : | DEMAND FOR JURY TRIAL |
| PEOPLE'S UNITED BANK | : : : | |
| DEFENDANT | : : | APRIL 25, 2012 |

## NOTICE OF CONSENT TO JOIN PURSUANT TO 29 U.S.C. §216(b)

1.    I, **TRACY FRACASSE**, hereby consent and agree and opt-in to become a plaintiff in a lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, against my current/former employer, People's United Bank, and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives (collectively "Peoples")

2.    I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by

any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3.     I hereby designate the law firms of Halloran & Halloran and Clendenen & Shea, LLC to represent me in this action.

Date: __4/25/2012__

Tracy Fracasse

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRACY FRACASSE and K. LEE BROWN, individually and on behalf of other similarly situated individuals | : : : : : | CIVIL ACTION NO. |
| | : | |
| PLAINTIFFS | : | |
| | : | |
| V. | : | DEMAND FOR JURY TRIAL |
| | : | |
| PEOPLE'S UNITED BANK | : : | |
| | : | |
| DEFENDANT | : | APRIL 25, 2012 |

## NOTICE OF CONSENT TO JOIN PURSUANT TO 29 U.S.C. §216(b)

1.     I, **K. LEE BROWN**, hereby consent and agree and opt-in to become a plaintiff in a lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201,*et seq.*, against my current/former employer, People's United Bank, and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives (collectively "Peoples'")

2.     I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by

any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3.      I hereby designate the law firms of Halloran & Halloran and Clendenen & Shea, LLC to represent me in this action.

Date: 4-25-12

K. Lee Brown