UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRACY FRACASSE and K. LEE BROWN,
Individually and on behalf of themselves
and all other similarly situated
    Plaintiffs

v.

PEOPLE'S UNITED BANK,
    Defendant

3:12-CV-00670 (JCH)

AUGUST 15, 2013

## MOTION TO FILE OPT-IN NOTICE RECEIVED OUTSIDE OPT-IN PERIOD

The named plaintiffs, Tracy Fracasse and K. Lee Brown, acting on behalf of themselves and the members of the conditional collective class, hereby move for permission to file the Opt-In Notice dated August 6, 2013 and received on August 15, 2013, from Jacqueline Snead, a member of the putative class. Class counsel received Ms. Snead's notice today via email. See Opt-in Notice, attached hereto as Exhibit A. The notice, which was signed and dated on the last day of the opt-in period—i.e., August 6, 2013, was not transmitted to counsel within the deadline because Ms. Snead was sick and unable send the notice. See August 15, 2013 Email from Ms. Snead, attached hereto as Exhibit B. The plaintiffs therefore request an evidentiary hearing at which Ms. Snead can prove that she was sick and unable to respond and for the Court to determine whether the late notice is unduly prejudicial to the defendant.

Under the circumstances, the Court should exercise its discretion and grant this Motion. As the plaintiff's motion for class certification under Rule 23

of the Federal Rules of Civil Procedure has been denied, the members of the putative class had to opt-in to this action in order to participate as a class. Notably, the Court imposed a shorter than normal time frame in which putative class members could join. See e.g. *Alli* v. *Boston Market Corp.*, 2011 WL 6156938, at *6 (D. Conn. 2011) (Hall, J.) (requiring opt-in notices to be postmarked no later than 60 calendar days after initial mailing deadline.); *Aros* v. *United Rentals, Inc.*, Civil Action No. 3:10-CV-73, Document 54 (D. Conn. 2010) (Hall, J.) (approving class notice form that provides 75 calendar days to file opt-in notice) (copies of unreported decisions attached). Accordingly, if Ms. Snead can demonstrate that extenuating circumstances prevented her from complying with the original deadline to opt-in, she should not be punished by losing out on her opportunity to participate in this action. See *Whitehorn* v. *Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 452 (S.D.N.Y. 2011) (acknowledging that 60 day opt-in period is typical for FLSA collective actions but that Court would entertain untimely notices "on a showing of good cause for the delay.").

WHEREFORE, the plaintiffs move for the Court to allow Jacqueline Snead to present evidence of the extenuating circumstances that prevented her from filing her opt-in notice during the thirty-five day opt-in period. As the defendant will not be unduly prejudiced if she is allowed to join this collective action, the interests of efficiency and justice dictate that she should be allowed to file her opt-in notice at this time.

THE PLAINTIFFS,
Tracy Fracasse and K. Lee Brown, on behalf of themselves and all others similarly situated,

By: _____
Kevin C. Shea (ct13781)
Clendenen & Shea, LLC
400 Orange Street
New Haven, CT 06502
Tel: (203) 787-1183
Fax: (203) 787-2847

CERTIFICATION:

This is to certify that a copy of the foregoing was filed electronically on the 15th day of August 2013. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
CLENDENEN & SHEA, LLC

2011 WL 6156938
Only the Westlaw citation is currently available.
United States District Court,
D. Connecticut.

Bebi ALLI, Erik Kehou, Patricia Fernandez, individually and on behalf of all others similarly situated, Plaintiffs,
v.
BOSTON MARKET CORP., Defendant.

Civil Action No. 3:10–cv–00004–JCH.   |   Dec. 9, 2011.

**Attorneys and Law Firms**

Fran L. Rudich, Klafter Olsen & Lesser LLP, White Plains, NY, Gary Edward Phelan, Cohen & Wolf, Bridgeport, CT, Jennifer L. Liu, Justin M. Swartz, Molly A. Brooks, Outten & Golden, New York, NY, Margaret B. Ferron, Richard Eugene Hayber, Hayber Law Firm LLC, Hartford, CT, Michael Palitz, Seth R. Lesser, Klafter Olsen & Lesser LLP, Rye Brook, NY, for Plaintiffs.

Craig S. Friedman, Terri L. Chase, Jones Day, New York, NY, Deborah Dehart Cannavino, Littler Mendelson, P.C., New Haven, CT, E. Michael Rossman, Jones Day, Columbus, OH, Michael J. Gray, Jones Day, Chicago, IL, for Defendant.

Opinion

*ORDER PROVISIONALLY CERTIFYING CLASS ACTION, CONDITIONALLY CERTIFYING FLSA COLLECTIVE ACTION, APPROVING NOTICE, PRELIMINARILY APPROVING SETTLEMENT, AND SETTING FAIRNESS HEARING*

JANET C. HALL, District Judge.

*1 Eric Kehou, Patricia Fernandez, Sherrie Ward, and Rahiem Taylor ("Plaintiffs") are former employees of Boston Market Corporation ("Boston Market" or "Defendant"). Plaintiffs contend that Defendant misclassified them, and other employees, as exempt from overtime requirements, and as a result, failed to properly pay Plaintiffs for all time worked in violation of the Fair Labor Standards Act ("FLSA") and New York and Connecticut law. Boston Market denies Plaintiffs' allegations.

Plaintiffs sought to pursue their FLSA claims as a collective action under 29 U.S.C. § 216(b), and they sought to pursue their state law claims as a class action under Fed.R.Civ.P. 23. In a prior ruling, this Court granted conditional certification to the FLSA claims, but notice has not yet been distributed under that ruling. Plaintiffs have not yet moved for certification of the Rule 23 Connecticut or New York classes ("State Law Classes"), and as such, this Court has not ruled on the propriety of Rule 23 certification for the State Law Classes.

Notwithstanding their adversarial positions in this matter, the Parties have entered into the attached Global Settlement Agreement, which consists of the Settlement Agreement and Exhibits A through J thereto (collectively, the "Agreement"), that, if approved by this Court, would resolve all claims in this matter, including the claims of the FLSA Class and the State Law Classes (each of which is defined herein) that Plaintiffs seek to represent. Presently pending before this Court is Plaintiffs' Motion For Order Preliminarily Approving Settlement, Provisionally Certifying State Law Classes, Conditionally Certifying FLSA Settlement Class, Approving Notice, and Setting Fairness Hearing ("Motion"). Having reviewed the Parties' submissions, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

**I. DEFINITION OF THE SETTLEMENT STATE LAW CLASSES AND FLSA CLASS**

The Parties have entered into the Agreement solely for the purposes of compromising and settling their disputes in this matter. As part of the Agreement, Boston Market has agreed not to oppose, for settlement purposes only, provisional certification of the following settlement classes:

> The "New York Class" shall mean: all individuals who are or were employed by Boston Market as Assistant General Manager, Culinary Manager, or Hospitality Manager within the State of New York between January 4, 2004, and the date of this Order.

> The "Connecticut Class" shall mean: all individuals who are or were employed by Boston Market as Assistant General Manager, Culinary Manager, or Hospitality Manager within the State of Connecticut between January 4, 2008, and the date of this Order.

The New York Class and the Connecticut Class together are referred to as the "State Law Classes." The State Law Classes are opt-out classes under Fed.R.Civ.P. 23, and, collectively,

the members of the State Law Classes are "State Law Class Members."

*2 As further part of the Agreement, Defendant has agreed not to oppose, for settlement purposes, certification pursuant to 29 U.S.C. § 216(b) of the following opt-in settlement class:

> The "FLSA Class" shall mean all individuals who are or were employed by Boston Market as Assistant General Manager, Culinary Manager, or Hospitality Manager in states other than California, New York, or Connecticut between January 4, 2007 and the date of this Order or in Connecticut between January 4, 2007 and January 3, 2008 and the date of this Order.

Collectively the FLSA Class Members and the State Law Class Members are the "Class Members."

## II. PROVISIONAL RULE 23 CERTIFICATION OF THE STATE LAW CLASSES

In examining potential provisional certification of the State Law Classes, the Court has considered: (1) the allegations, information, arguments, and authorities cited in the Motion and supporting papers; (2) the allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings and other motions filed by each of them in this case; (3) Defendant's conditional agreement, for settlement purposes only, not to oppose provisional certification of the State Law Classes; (4) the terms of the Agreement; and (5) the elimination of the need, on account of the settlement, for the Court to consider any potential trial manageability issues that might otherwise bear on the propriety of class certification.

In connection with its provisional certification of the State Law Classes, the Court makes the following findings:

(a) The State Law Classes are sufficiently numerous that joinder of all class members is impracticable;

(b) There are questions of law or fact common to the members of each State Law Class, including whether the class members were properly classified as exempt from overtime requirements;

(c) The State Law Classes representatives' claims are typical of the claims of the members of the respective State Law Class in that each State Law Class representative raises the same claims as the class members of the particular State Law Class that he or she seeks to represent;

(d) The State Law Class representatives can fairly and adequately represent their respective State Law Classes' interests, in that (1) State Law Class representatives have retained counsel who are qualified and experienced in the issues raised in this litigation, and (2) none of the State Law Class representatives has any apparent interest antagonistic to the interests of the classes that they seek to represent.

The Court further concludes that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied because questions of law and fact common to the members of the State Law Classes predominate over any questions affecting only individual members and because a settlement class is superior to other available methods for the fair and efficient adjudication of this matter.

Therefore, solely for the purpose of determining whether the terms of settlement are fair, reasonable, and adequate, the Court provisionally certifies, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the State Law Classes as defined above. The Court authorizes that notice be mailed to potential members of the State Law Classes.

## III. DESIGNATION OF THE FLSA CLASS AS AN FLSA COLLECTIVE ACTION

*3 The Court finds that the members of the FLSA Class are similarly situated within the meaning of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of determining whether the terms of the settlement are fair. Accordingly, the Court conditionally certifies the FLSA Class as an FLSA collective action. This FLSA Class shall replace the class conditionally certified by this Court on September 8, 2011.

## IV. APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

Plaintiffs are hereby appointed as class representatives of the FLSA Class and the New York Class. Sherrie Ward and

Rahiem Taylor are hereby appointed as class representatives of the Connecticut Class.

Justin M. Swartz and Jennifer Liu of Outten & Golden LLP, Seth R. Lesser and Fran R. Rudich of Klafter Olsen & Lesser LLP, and Richard E. Hayber of Hayber Law Firm, LLC are hereby appointed as Class Counsel of the FLSA Class and the State Law Classes.

## IV. DISPOSITION IF SETTLEMENT DOES NOT BECOME EFFECTIVE

If, for any reason, the Agreement does not become effective, Defendant's agreement not to oppose certification of settlement classes in this case shall be null and void in its entirety; this Order provisionally certifying the State Law Classes and conditionally certifying the FLSA Class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Agreement; and nothing stated in the Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the FLSA Class, conditionally certified for purposes of settlement, and the State Law Classes, provisionally certified for purposes of settlement, shall be decertified. The class that this Court conditionally certified under 29 U.S.C. § 216(b) in its September 8, 2011 Order shall be conditionally recertified, and Defendant will retain the right to contest whether this case should be maintained as a class and/or collective action and to contest the merits of all claims in the case.

## VI. PRELIMINARY APPROVAL OF THE AGREEMENT

The Court has reviewed the terms of the Agreement, and the description of the Parties' settlement in the Plaintiffs' Motion and supporting papers. Based on that review, the Court concludes that the Agreement has no obvious defects, and the Parties' settlement is within the range of possible settlement approval. Defendant has committed to pay up to and including $3,000,000 to settle this matter, a commitment that provides adequate consideration for the releases of claims in this case. As to the proposed plan of allocation contained in the Agreement, the Court finds that the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted. Specifically, Plaintiffs contend that they and others similarly situated were misclassified as exempt employees, whereas Defendant contends that Assistant General Managers, Culinary Managers, and Hospitality Managers were properly classified as exempt. The Parties have agreed to a settlement that compensates individuals based on weeks worked during the relevant time periods. This is a fair and reasonable provision, and the parties' proposed plan of distribution is well within the range of possible approval. Accordingly, the Court hereby grants preliminary approval of the Agreement.

## VI. APPROVAL OF THE FORM AND MANNER OF NOTICE

*4 The Parties have submitted for this Court's approval a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing for State Law Class Members (the "State Law Class Member Notice") (Exhibit E to the Agreement), a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing for FLSA Class Members ("FLSA Class Member Notice") (Exhibit G to the Agreement), an Opt–Out Statement (Exhibit F to the Agreement), a letter from Boston Market to FLSA Class Member ("FLSA Letter") and an Opt–In Form and Individual Release (Exhibit H to the Agreement). The Parties propose distributing to State Law Class Members (1) the State Law Class Member Notice, and (2) the Opt–Out Statement. The Parties propose distributing to FLSA Class Members (1) the FLSA Class Member Notice, (2) the FLSA Letter, and (3) the Opt–In Form and Individual Release. The Court now considers each of these documents.

The proposed State Law Class Member Notice and Opt–Out Statement appear to be the best notice practical under the circumstances and appear to allow the State Law Members a full and fair opportunity to consider the Parties' proposed settlement and develop a response. Distribution of the State Law Class Member Notice (and Opt–Out Statement) appears to be a reasonable method calculated to reach all State Law Class Members who would be bound by the settlement

The proposed FLSA Class Member Notice, FLSA Letter, and Opt–In Form and Individual Release appear to be the best notice practical under the circumstances and appear to allow the FLSA Class Members a full and fair opportunity to consider the Parties' proposed settlement and to determine whether they want to participate in the settlement. Distribution of the FLSA Class Member Notice, FLSA Letter, and Opt–In Form and Individual Release appear to be a reasonable method calculated to reach all members of the FLSA Class.

The State Law Class Member Notice, the Out–Out Statement, the FLSA Letter, and the FLSA Class Member Notice fairly, plainly, accurately, and reasonably inform members of the FLSA Class and the State Law Class of: (1) appropriate information about the nature of this litigation, the class, the identity of Class Counsel, and the essential terms of the Agreement and settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees, the proposed service payments, and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the settlement; (4) appropriate information about this Court's procedures for final approval of the Agreement and settlement; (5) appropriate information about how to object to or opt-out of the settlement, if they wish to do so; and (6) appropriate instructions as to how to obtain additional information regarding the litigation, the Agreement, and the settlement. Similarly, the proposed Opt–In Form and Individual Release appears to allow members of the FLSA Class a full and fair opportunity to submit a claim for proceeds in connection with the settlement. Moreover, the Opt–In Form and Individual Release fairly, accurately, and reasonably informs FLSA Class Members that failure to complete and submit an Opt–In Form, in the manner and time specified, shall constitute a waiver of any right to obtain any share of the Settlement Payment.

**\*5** The Court, having reviewed the proposed State Law Class Notice, Out–Out Statement, FLSA Class Notice, FLSA Letter, and Opt–In Form and Individual Release (collectively "Notice Materials"), finds and concludes that the proposed plan for distributing the same will provide the best notice practicable. The Court further finds and concludes that the Notice Materials satisfy the applicable notice requirements of Rule 23(e), and satisfy all other legal and due process requirements. Accordingly, the Court hereby Orders as follows:

(a) The form and manner of distributing the proposed Notice Materials are hereby approved.

(b) Promptly following the entry of this Order, the Claims Administrator selected by the Parties shall prepare final versions of the Notice Materials, incorporating into the Notice Materials the relevant dates and deadlines set forth in this Order.

(c) Within 15 calendar days after Defendant's delivery of the information referenced in Section 3.4.(A) of the Agreement (the "Initial Mailing Deadline"), the Claims Administrator shall mail the Notice Materials, using information to be provided by Defendant no later than 15 business days after the entry of this Order:

(1) *State Law Class Member Documents:* For State Law Class Members, the final version of the (1) State Law Member Notice, and (2) Opt–Out Statement; and

(2) *FLSA Class Member Documents:* For FLSA Class Members, the final version of the (1) FLSA Class Member Notice, (2) FLSA Letter, and (3) Opt–In Form and Individual Release.

(d) The Claims Administrator shall take all reasonable steps to obtain the correct address of any State Law Class Member or FLSA Class Member for whom Notice Materials are returned by the post office as undeliverable.

(e) Where correct addresses are obtained for any State Law Class Member or FLSA Class Member for whom Notice Materials are returned by the post office as undeliverable, the Claims Administrator shall attempt to remail the Notice Materials. The Claims Administrator shall attempt to contact via telephone any FLSA Class Member for whom the FLSA Class Member Documents are returned by the post office as undeliverable.

(f) The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Agreement.

## VIII. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

**A. Deadline To Request Exclusion From the Settlement**
To be effective, a State Law Class Member's Opt–Out Statement must be signed and sent to the Claims Administrator, at the address provided in the Class Notice, *via* First Class United States Mail, postage prepaid, with a postmark no later than 60 calendar days after the Initial Mailing Deadline (the end of the "Opt–Out Period"). The Claims Administrator shall stamp the postmark date on the original of each Opt–Out Statement that it receives and shall serve copies of each Opt–Out Statement on Class Counsel and Defendant's Counsel, as specified in the Agreement, not later than three business days after the receipt thereof. The Claims Administrator also shall, within ten calendar days after the end of the Opt–Out Period, send a final list

of Opt-Out Statements to Class Counsel and Defendant's counsel by both e-mail and overnight delivery. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under the terms of the Agreement.

**B. Deadline For Filing Objections To Settlement**

**\*6** Any State Law Class Member who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the settlement must do so in writing. To be considered, any such objection must be sent to the Claims Administrator, at the address provided in the Class Notice, via First-Class United States mail, postage prepaid. In addition, any such objection must be postmarked no later than 60 calendar days after the Initial Mailing Deadline, and it must be received by the Claims Administrator no later than seven calendar days after the end of the OptOut Period. An objector who wishes to appear at the Fairness Hearing, either in person or through counsel hired by the objector, must state his or her intention to do so at the time the objector submits his/her written objections. State Law Class Members who opt out of the case shall not be eligible to submit objections.

The Claims Administrator shall stamp the postmark date and the date received on the original and send copies of each objection to the Parties by e-mail and overnight delivery not later than two business days after receipt thereof. The Claims Administrator shall also datestamp originals of any objections. On or before 14 calendar days before the Fairness Hearing, the Parties may file with the Court written responses to any filed objections.

**C. Qualification for Payment & Deadline For Submitting Opt-In Forms**

Plaintiffs quality for payment by virtue of their status as Plaintiffs. State Law Class Members qualify for payment if they do not opt out. FLSA Class Members qualify for payment if they timely and fully complete an Opt-In Form and Individual Release in accordance with the terms of the Agreement. Completion of the Opt-In Form and Individual Release includes: (1) an acknowledgment that, by signing the Opt-In Form and Individual Release, he or she is an FLSA Class Member; (2) an acknowledgment that, by signing the Opt-In Form and Individual Release, he or she opts in to the case pursuant to 29 U.S.C. § 216(b); and (3) a release of claims consistent with that set forth in the FLSA Class Member Notice. To be effective, the Opt-In Form and Individual Release must be sent to the Claims Administrator at the address provided in the Class Notice by First Class United States Mail, postage prepaid, and must be postmarked no later than 60 calendar days after the Initial Mailing Deadline.

**D. Fairness Hearing**

No later than 45 calendar days after the end of the Opt-Out period, the Parties shall jointly file a motion requesting that the Court grant: (1) final Fed.R.Civ.P. 23 certification of the State Law Classes, (2) final 29 U.S.C. § 216(b) certification to the FLSA Class, (3) final approval of the Agreement, (4) entry of judgment, and (5) dismissal of the case with prejudice.

The hearing (the "Fairness Hearing") to determine whether to grant this motion will be held approximately 120 days after the Court's entry of this Order. Specifically, this Court will hold the Fairness Hearing on [DATE], at [TIME]. April 6, 2012 at 3:30 p.m.

**E. Deadline for Class Counsel to File a Petition For an Award of Attorneys' Fees and Reimbursement of Expenses**

**\*7** Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses no later than 45 calendar days after the end of the Opt-Out Period. The Court will consider any such petition at the Fairness Hearing.

**F. Deadline For Plaintiffs To File A Petition For Approval of Service Payments To Plaintiffs**

Plaintiffs shall file with the Court any petition for an award of service payments no later than 45 calendar days after the end of the Opt-Out Period. The Court will consider any such petition at the Fairness Hearing.

**G. Release of Claims**

If, at the Fairness Hearing, this Court grants Final Approval of the Agreement, each Plaintiff, each FLSA Class Member who submits an Opt-In Form and Individual Release, and each State Law Class Member who does not opt out will release the claims identified in the Agreement. This Court has reviewed the release language in the Agreement and the language contained in the Opt-In Form and Individual

Release, and finds such language to be fair, reasonable, and enforceable.

**End of Document** © 2013 Thomson Reuters. No claim to original U.S. Government Works.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREAS AROS,<br>Plaintiff, | : <br> : <br> : | CIVIL ACTION NO.<br>3:10-CV-73 (JCH) |
| v. | : <br> : <br> : | |
| UNITED RENTALS, INC., ET AL.,<br>Defendants. | : <br> : | NOVEMBER 10, 2010 |

### ORDER RE: CLASS NOTICE FORM

On September 23, 2010, this court granted the Motion for Conditional Certification by Aros. See Ruling (Doc. No. 43). In that Ruling, the Court directed United Rentals to brief its objections to the proposed Collective Action Notice that Aros had submitted with his Motion for Conditional Certification. On October 22, 2010, United Rentals filed the requested briefing, including a proposed Notice and Consent Form. Doc. No. 48. On November 2, 2010, Aros filed a Memorandum of Law responding to United Rentals' objections, and Aros submitted a modified Notice that addressed several issues raised by United Rentals. Doc. No. 49. On November 4, 2010, Aros also submitted his own proposed Consent Form. Doc. No. 51. On November 8, 2010, United Rentals filed its reply. Doc. No. 52.

The court has reviewed the parties' submissions. The plaintiff is directed to mail the attached Notice and Consent Form to the proposed class by **November 17, 2010**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 10th day of November, 2010.

                                                  /s/ Janet C. Hall
                                                  Janet C. Hall
                                                  United States District Judge

# COURT-AUTHORIZED NOTICE

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**If you were an Operations Manager employed by United Rentals between July 15, 2007 and the present, please read this notice.**

### A collective action lawsuit may affect your legal rights.

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

An Operations Manager, Andreas Aros ("named Plaintiff" or "Plaintiff"), has filed this action against United Rentals on behalf of Operations Managers who worked for United Rentals at any time between July 15, 2007 and the present.

The Plaintiff claims that United Rentals improperly classified its Operations Managers as exempt from the Fair Labor Standards Act and that United Rentals therefore owes overtime wages to Operations Managers who worked more than forty (40) hours in any week since July 15, 2007.

United Rentals' position is that its Operations Managers have the job duties, responsibilities, and salaries of exempt employees, and, as such, Operations Managers are properly classified as exempt from overtime requirements.

The court has not ruled on whether Plaintiff Aros or any Operations Managers are improperly classified as exempt. The court has conditionally certified this case as a collective action. The Court may ultimately rule that the prospective collective action members are not similarly situated to Aros and to each other in their job duties and responsibilities. The court may also, once the evidence is in, decide the case in favor of United Rentals.

**Your legal rights may be affected, and you have a choice to make now:**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you choose to be included in this collective action, you keep the possibility of recovery that may come from a trial or a settlement in this lawsuit, but you give up any rights to separately sue United Rentals about the same legal claims in this lawsuit.<br><br>**If you wish to be included, you must complete the form at the end of this Notice.** |
| **DO NOTHING** | By doing nothing, you will not be included in this collective action. This means that you give up the possibility of recovery that may come from a trial or settlement in this lawsuit if those bringing the lawsuit are successful. You keep any rights to sue United Rentals separately about the same legal claims in this lawsuit, but the limitations period on your claim continues to run. Each day you do not take action to protect your claims, they diminish. |

Questions? Contact Molly Brooks at Outten & Golden LLP at (212) 245-1000.

- Your options are explained in this notice. To ask to be included in the lawsuit, you must act before _____ (insert 75 days from date notice is sent out) _____.

- If money or benefits are obtained from United Rentals, and you choose to be included in the case, you will be notified about how to ask for a share.

**This notice contains information that affects your rights. Please read it carefully.**

### 1. Why did I get this notice?

You are getting this notice because United Rentals' records show that you work or worked for United Rentals as an Operations Manager. A lawsuit has been brought against United Rentals claiming that Operations Managers were not paid all overtime wages required by law. The purpose of this notice is to notify you of your right to join this case. Defendants deny the allegations. The Honorable Janet C. Hall, United States District Court Judge in the District of Connecticut, is overseeing this collective action. The lawsuit is known as *Aros v. United Rentals, Inc. et al.*, No. 3:10 CV 00073.

### 2. What is this lawsuit about?

This lawsuit is about whether United Rentals misclassified Operations Managers as exempt employees and should have paid Operations Managers time-and-a-half overtime compensation for hours they worked in excess of 40 in a workweek.

### 3. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons who have similar claims can bring a lawsuit that includes others who have similar claims. All Operations Managers who decide to participate in the case are "Collective Action Members" or part of a "Collective." The employee who brought this lawsuit – and all of the Collective Action Members – are called the Plaintiffs. The companies that they have sued – United Rentals, Inc. and United Rentals (North America) Inc. – are called the Defendants. One court resolves the issues for everyone who decides to join the case.

### 4. Why is this lawsuit a Collective Action?

The court has conditionally authorized this case to proceed as a collective action under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Specifically, the Court preliminarily found that the Plaintiff who filed this lawsuit is "similarly situated" to other Operations Managers employed by United Rentals.

2

| 5. What is United Rentals' position? |
|---|

United Rentals' position is that its Operations Managers have the job duties, responsibilities, and salaries of exempt employees, and, as such, Operations Managers are properly classified as exempt from overtime compensation requirements.

| 6. Has the Court decided who is right? |
|---|

The Court has not decided whether United Rentals or the Plaintiffs are correct. By establishing the Collective and issuing the Notice, the Court is not suggesting that the Plaintiffs will win or lose the case.

| 7. What are the Plaintiffs asking for? |
|---|

Plaintiffs are seeking to recover overtime wages they believe are due to them. Plaintiffs also are seeking recovery of double liquidated damages, attorneys' fees, and costs.

| 8. Can I join this lawsuit? |
|---|

To be eligible to join this lawsuit, you must have been employed by United Rentals as an Operations Manager at any time since July 15, 2007.

| 9. I'm still not sure if I am included. |
|---|

If you are still not sure whether you are included, you can get free help by calling or writing the lawyers in this case, at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, (212) 245-1000, UnitedRentalsOvertimeCase@outtengolden.com. If you call or write, you should refer to the United Rentals Overtime Case.

| 10. What happens if I do nothing at all? |
|---|

If you choose not to join this lawsuit, you will not be affected by any ruling, judgment, or settlement rendered in this case, whether favorable or unfavorable. You will <u>not</u> be entitled to share any amounts recovered by Plaintiffs as part of this lawsuit. You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted. You should be aware that your federal wage and hour claims are limited by a two or three-year statute of limitations. Delay in joining this action, or proceeding separately, may result in some or all of your claims expiring as a matter of law. If you proceed separately, you may also have to pay your own lawyer.

| 11. What happens if I join the lawsuit? |
|---|

If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable. You will also share in any proceeds from a settlement or judgment favorable to the Collective. By joining this lawsuit, you designate the named Plaintiff as your representative, and to the fullest extent possible, you designate the named Plaintiff to

3

make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. Decisions made and agreements entered into by the named Plaintiff will be binding on you if you join the lawsuit. While this suit is pending, you may be asked to provide documents or information relating to your employment, to appear for depositions, or to testify at trial.

### 12. Can United Rentals and/or my current employer retaliate against me if I join the lawsuit?

It is a violation of federal law for United Rentals or any of its related entities to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, or actually joining this lawsuit, you may contact Plaintiff's lawyers or any other lawyer of your choosing.

### 13. How do I ask the Court to include me in the case?

Enclosed is a form called "Consent to Join." **If you choose to join this lawsuit, it is very important that you read, sign, and promptly return the Consent to Join form**. An addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

> **United Rentals Overtime Case**
> **Outten & Golden LLP**
> **3 Park Avenue, 29th Floor**
> **New York, NY 10016**

You can also fax the Consent to Join form to (212) 977-4005, or scan and email it to UnitedRentalsOvertimeCase@outtengolden.com.

The signed Consent to Join form must be postmarked by [75 days from mailing of this Notice]. **If your signed Consent to Join form is not postmarked by [75 days from mailing of the Notice], you will not be allowed to participate in this lawsuit, or share in a monetary recovery, and you will not be bound by any settlement or judgment.**

### 14. Do I have a lawyer in this case?

If you choose to join this lawsuit, you will be represented by Justin M. Swartz, Molly A. Brooks, and other lawyers at Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, www.outtengolden.com. You also have the right to have your own lawyer or to represent yourself in this case.

### 15. Should I get my own lawyer?

You do not need to hire you own lawyer because Plaintiff's Counsel will be working on your behalf.

4

Questions? Contact Molly Brooks at Outten & Golden LLP at 212-245-1000 or
UnitedRentalsOvertimeCase@outtengolden.com.

| 16. How will the lawyers be paid? |
|---|

The named Plaintiff has entered into a contingency fee agreement with Plaintiff's counsel, which means that if you join the lawsuit and Plaintiffs do not win, there will be no attorneys' fees or costs chargeable to you. Under the fee agreement, in the event there is a recovery, Plaintiff's counsel will receive a percentage of any settlement obtained or money judgment entered in favor of all members of the class. The court may also be asked to determine the amount of attorneys' fees. The fees may be part of a settlement obtained or money judgment entered in favor of Plaintiffs, or may be ordered by the court to be separately paid by United Rentals, or may be a combination of the two. A copy of the contingency fee agreement executed by the named Plaintiff may be obtained upon request from Plaintiff's counsel identified above.

5

Questions? Contact Molly Brooks at Outten & Golden LLP at 212-245-1000 or
UnitedRentalsOvertimeCase@outtengolden.com.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ANDREAS AROS, individually and on
behalf of other similarly situated individuals,:
    Plaintiff,

v.

UNITED RENTALS, INC., ET AL.,
    Defendants.

CIVIL ACTION NO. 3:10-CV-73 (JCH)

**IF YOU WISH TO PARTICIPATE IN THE LAWSUIT,
YOU MUST COMPLETE AND RETURN THIS FORM BY
5:00 P.M. (E.D.T.) ON [date 75 days from mailing date]**

**CONSENT TO JOIN**

I work for United Rentals (North America) Inc. ("United Rentals") as an Operations Manager, or I worked for United Rentals as an Operations Manager at some time between July 15, 2007 and the present. As an Operations Manager, I worked more than forty (40) hours in at least one work week between July 15, 2007 and the present.

I choose to participate in the Fair Labor Standards Act ("FLSA") collective action lawsuit entitled *Aros v. United Rentals, Inc. and United Rentals (North America) Inc.,* Case No. 3:10-CV-00073 (D. Conn.). I understand that this lawsuit claims that United Rentals improperly classified Operations Managers as exempt from the Fair Labor Standards Act. I also understand that this lawsuit seeks any overtime wages that I may be owed.

By signing and returning this consent form, I hereby designate Outten & Golden LLP and the Hayber Law Firm, LLC to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Full Legal Name (print) _____

*Address _____

*City, State, and Zip _____

*Telephone Number _____ *E-mail Address _____

Signature: _____ Date _____

* You do not have to provide this information in order to participate. If you do provide it, it is only for your attorneys. It will be covered over when filed in court.

Questions? Contact Molly Brooks at Outten & Golden LLP at (212) 245-1000.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY FRACASSE and K. LEE BROWN, individually and on behalf of other similarly situated individuals | : <br> : <br> : CIVIL ACTION NO.: <br> : 3:12-CV-00670 (JCH) <br> : |
| Plaintiffs <br> v. | : <br> : <br> : |
| PEOPLE'S UNITED BANK | : <br> : |
| Defendant | : JULY , 2013 |

**IF YOU WISH TO PARTICIPATE IN THE LAWSUIT,
YOU MUST COMPLETE AND RETURN THIS FORM BY
5:00 P.M. (E.S.T.) ON AUGUST 6, 2013**

### CONSENT TO JOIN

I worked for People's United Bank ("PUB") as a Mortgage Underwriter at some time between May 3, 2009, and October 21, 2012 in PUB's Bridgeport, CT location. As a Mortgage Underwriter, I worked more than forty (40) hours in at least one work week between May 3, 2009, and October 21, 2012.

I choose to participate in the Fair Labor Standards Act ("FLSA") collective action lawsuit entitled *Fracasse, et al* v. *People's United Bank*, Case No. 3:12- CV-00670 (D. Conn.). I understand that this lawsuit claims that PUB improperly classified Mortgage Underwriters as exempt from the Fair Labor Standards Act. I also understand that this lawsuit seeks any overtime wages that I may be owed.

By signing and returning this consent form, I hereby designate Clendenen & Shea, LLC and Halloran & Halloran to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Full Legal Name (print) _Jacqueline Shea_

*Address _____

*City, State, and Zip _____

*Telephone Number _____

Signature: _Jacqueline Shea_   Date _8-6-2013_

* You do not have to provide this information in order to participate. If you do provide it, it is only for your attorneys. It will be covered over when filed in Court.

6

# Elizabeth McKenna

**From:** Snead, Jacqueline
**Sent:** Thursday, August 15, 2013 8:30 AM
**To:** Elizabeth McKenna
**Subject:** FW:
**Attachments:** doc04834220130815072858.pdf

I hope I am not too late, because I was sick and missed the date

------------------

_____

The security, delivery, and timeliness of delivery of electronic mail sent over the Internet is not guaranteed. Most electronic mail is not secured. Do not send us confidential information like social security numbers, account numbers, or driver's license numbers by electronic mail.

The information transmitted is intended solely for the individual or entity to which it is addressed and may contain confidential, proprietary, and/or privileged material. Any review, re-transmission, dissemination, or other use of or taking action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you have received this e-mail in error, please contact the sender and delete the material from the computer.