UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRACY FRACASSE, et al., : | |
| Plaintiffs, : | CIVIL ACTION NO. |
| : | 3:12-CV-670 (JCH) |
| v. : | |
| : | |
| PEOPLE'S UNITED BANK, : | OCTOBER 9, 2013 |
| Defendant. : | |

**RULING RE: PLAINTIFFS' MOTION TO FILE NOTICE RECEIVED OUTSIDE OPT-IN PERIOD (DOC. NO. 91)**

The named plaintiffs moved for permission to allow a member of the putative class, Jacqueline Snead, to opt-in outside the last date of the opt-in time period. The court set an opt-in period, ending on August 6, 2013. Ms. Snead claims that she was sick and unable to send the notice. She dated it on August 6, but the email was not received until August 15, 2013, 9 days late.

The defendants have filed a Response to the Motion concerning the late consent, objecting to its receipt by the court and asking the court to exercise its discretion to "exclude Ms. Snead from the action for failure to file a timely consent." Defendant's Response (Doc. No. 92) at 1.

The Fair Labor Standards Act ("FLSA') does not specify a time period for opting into a collective action nor does the FLSA provide a standard under which the court should consider whether to allow an opt-in plaintiff to participate when that plaintiff's consent form was filed after the court-imposed deadline. A review of the case law suggests that courts have generally considered five factors in determining whether to permit the late filing: "1) whether "good cause" exists for the late submissions; 2) prejudice to the defendant; 3) how long after the deadline passed the sent forms were

1

filed; 4) judicial economy; and 5) the remedial purposes of the FLSA." Ruggles v. Wellpoint, Inc., 687 F.Supp.2d 30 at 37 (N.D.N.Y. 2009) (citations omitted).

Even if the court were to disregard the claimed, and disputed, sickness of the putative class member, Ms. Snead, the factors would still weigh in favor of allowing her to opt-in by late notice. The court finds absolutely no prejudice to the defendant. This is a period of 9 days in which the opt-in was late, in an opt-in period that was relatively short (35 days). Further, the class is relatively small, but this late opt-in is merely one additional person. If the court denies this late opt-in, it is reasonable to presume that Ms. Snead will file her own action, which of course does nothing to advance judicial economy. Finally, the remedial nature or purpose of the FLSA counsels in favor of permitting this putative class member to participate in the class.

For the foregoing reasons, the court grants the plaintiffs' Motion for Joinder to File Opt-In Notice (Doc. No. 91) received outside opt-in period.

**SO ORDERED**.

Dated this 9th day of October, 2013 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge