```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

TRACY FRACASSE, ET AL          :
                               :
                               :
                               :
v.                             :   CIV. NO. 3:12CV670 (JCH)
                               :
PEOPLE'S UNITED BANK           :
                               :
                               :
                               :
```

**<u>RULING ON DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES FROM
PLAINTIFF TRACY FRACASSE</u>**

Plaintiffs Tracy Fracasse and K. Lee Brown filed this case
on May 4, 2012, individually and on behalf of other similarly
situated individuals, alleging that during their employment with
People's United Bank ("PUB"), their position of mortgage
underwriter was misclassified as exempt and that they were
erroneously denied overtime compensation required by the Federal
Labor Standards Act, 29 U.S.C. §213 and/or the Connecticut
Minimum Wage Act, Conn. Gen. Stat. §31-76i.

Plaintiffs seek damages for work performed in excess of
forty hours per week. This ruling addresses defendant's discovery
requests and objections served on plaintiff Tracy Fracasse.

**Fracasse's Deposition Testimony**

Fracasse testified that the volume of work started increasing in late 2008 and increased every year thereafter. [Fracasse Tr. 105:8-25, 106:1-5]. She testified that in 2009, she would bring work home approximately twice a month, spending approximately six hours each time. [Fracasse Tr. 106:10-24; Doc. 103-1 at 3]. She testified that she would take home a minimum of ten appraisals and "that would take about six hours." [Fracasse Tr. 103:21-23; 107:4-9; Doc. #103-1 at 6]. Ten appraisals was an estimate she considered "conservative." [Doc. #103-1 at 4]. In 2010, plaintiff testified, she spent approximately ten hours a month working at home. [Doc. #103-1 at 8]. During the first six months of 2011, she estimated, she was taking work home on the weekends "maybe once a month." [Doc. #103-1 at 8]. She testified that, "[t]oward the later part of 2011," she knew she was taking work home "almost every weekend" and would spend "approximately six hours" every weekend, usually on a Sunday, to review appraisals and sometimes tax returns. [Fracasse Tr. 103:14-22; 108:16-17; Doc. #103-1 at 4, 6, 8]. She testified that she did not keep track of the time that she spent reviewing documents at home on the weekends. [103-1 at 3].

Pending is defendant's Motion to Compel responses from Fracasse to Requests for Production Nos. 23 and 24, propounded in

its Third Request for Production dated July 10, 2013. **[Doc. #93].**

**Request for Production No. 23:** Any and all monthly statements for plaintiff's credit card(s) and debit card(s) detailing date and/or time of expenditures for the time period May 2009, through and including, January 2012.

**Request for Production No. 24:** Any and all documents related to plaintiff's vacation and/or travel outside of Connecticut for the time period of May 2009 through and, including, January 2012, including but not limited to: itineraries, flight and hotel reservations or confirmations, and receipts for hotel, transportation, or other travel expenses.

**Fed. R. Civ. P. 26(c)(1)(A)**

The Federal Rules of Civil Procedure provide that parties may obtain discovery, including by oral depositions, "regarding any matter, not privileged, that is relevant to the claim or defense of any party" and that "[r]elevant information need not be admissible." Fed. R. Civ. P. 26(b)(1). However a district court may limit:

> The frequency or extent of the use of discovery methods otherwise permitted under [the federal] rules . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in

> controversy, the parties' resources, the
> importance of the issues at stake in the
> litigation, and the importance of the proposed
> discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

"A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; or (3) the burden or expense of the proposed discovery outweighs its likely benefit." In re Priceline.com Inc. Securities Litigation, 233 F.R.D. 83, (D. Conn. 2005) (citation omitted). The objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy" while producing "no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse." Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D.N.Y. 2009). Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or

4

offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted).

"The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). The district court has broad discretion in deciding a motion to compel discovery. See Grand Cent. P'ship. Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir. 1999).

## Application of the Legal Standard

### Boilerplate Objections

Plaintiff Fracasse raises the standard boilerplate objections that the requests are "harassing, overly broad, unduly burdensome" [Doc. 94-1 at 10-11]. Fracasse has failed to meet her burden of showing why discovery should be denied and her objections, based on the grounds that the requests are "harassing, overly broad, unduly burdensome," are overruled.

### Relevancy Objections

Plaintiff next argues that the requests for credit card and debit card statements and travel and/or vacation documents have "no bearing, in any way, on her claim that she was misclassified as exempt and denied overtime wages." [Doc. #94-1 at 24, 27]. The Court disagrees. Defendant's requests to test plaintiff's

testimony that she was working from home between May 2009 and January 2012, from one time per month to every weekend for up to six hours are "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

**Oppressive, Burdensome and Beyond the Bounds of Reasonableness**

Plaintiff next argues that the requests are "oppressive, burdensome and beyond the bounds of reasonableness" because the requests "purport[] to require the production of bank and/or credit card statements whether or not they are within Ms. Fracasse's possession."  However, plaintiff does not provide the Court with any information with which to weigh the burden of production. For example, plaintiff has not stated that she has made a good faith effort to locate the travel, bank and credit card records; she does not state what records are in her possession; and she does not state that she contacted the bank(s) and credit card companies to find out the cost for retrieving and producing this information.  Accordingly, plaintiff has failed to meet her burden of showing why the discovery should be denied and her objection, based on the grounds that the requests are "oppressive, burdensome and beyond the bounds of reasonableness," are overruled.

**Scope of the Requests**

6

Plaintiff will make a good faith effort to locate the documents in her possession that are responsive to Requests for Production Nos. 23 and 24, including personal calendars for the time period of May 2009 through, and including, January 2012. Plaintiff will also contact her bank(s) and credit card companies to find out the cost and time frame for requesting the statements if they are not in her possession and control.  Plaintiff may make a request for defendant to bear the cost of the retrieval of records upon a showing. Plaintiff may also confer with the banks and credit card companies to find out when a charge is posted on a bank statement and whether information on the time of day a charge is posted is retrievable; such information might render the requested documents useless for the specified purpose and thus provide a basis for defense counsel to withdraw or modify requests; or for the Court to limit the scope of required production. Plaintiff will propose an appropriate protective order, beyond the Court's standard order, to protect the privacy of the information, and a method for redacting from the records charges not relevant to the assertion of overtime work on the weekends. Plaintiff will also provide the Court and defendant with information on damages and how she intends to calculate and prove her request for overtime at trial. The Court will rule on the scope of the requests after a telephone conference scheduled for December 2, 2013 at 2:00PM.  The parties are encouraged to

confer and exchange information in an endeavor to reach an agreement without the Court's intervention.

Finally, plaintiff's objections to the requests based on what defendant has or has not produced are not helpful. If plaintiff believes that defendant has provided insufficient responses or production to her requested discovery, the appropriate vehicle for making that objection is by motion and only after the parties have conferred in good faith.

## CONCLUSION

As set forth above, Defendant's Motion to Compel **[Doc. #94]** is **GRANTED.**

A follow-up telephone discovery conference is scheduled for December 2, 2013 at 2:00PM.  Once the parties are on the phone, please contact Chambers at (203) 579-5640.  The parties will contact chambers to cancel the conference if they reach an agreement regarding the scope of the production.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of

the Local Rules for United States Magistrate Judges.  As such, it
is an order of the Court unless reversed or modified by the

district judge upon motion timely made.

SO ORDERED at Bridgeport this 12th day of November 2013.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE