UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRACY FRACASSE and K. LEE BROWN, Individually and on behalf of themselves and all other similarly situated Plaintiffs | : : : : : : : : : : : | 3:12-CV-00670 (JCH) |
| v. | | |
| PEOPLE'S UNITED BANK, Defendant | | JUNE 18, 2014 |

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

As reported by Magistrate Judge Garfinkel, this case has settled and the parties respectfully request that this Court close this case. *See* Dkt. 126. This settlement was achieved as a result of lengthy, intensive, arm's-length negotiations between and among the Parties.

This Joint Stipulation of Settlement ("Joint Stipulation") was made and entered into by, between, and among Plaintiffs, Tracy Fracasse and K.Lee Brown, individually and on behalf of others similarly situated (collectively "Plaintiffs"), and Defendant People's United Bank ("PUB" and together with Plaintiffs "the Parties") and is conditioned upon the Court's approval.

1    DEFINITIONS

The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more precisely defined in another Section.

a)    Plaintiffs and Defendant are collectively referred to as "the Parties."

b) "Action" means the civil action filed in the United States District Court of Connecticut entitled <u>Fracasse et al v. People's United Bank</u>, Case 3:12-cv-00670-JCH (D. Conn.).

c) "Plaintiffs' Counsel" means Clendenen & Shea, LLC and Halloran & Halloran

d) "Court" means the United States District Court, District of Connecticut.

e) "Plaintiffs" means the individuals who have filed consent forms to participate in this Action pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA) and the Named Plaintiffs to the Action.

f) "Named Plaintiffs" means Tracy Fracasse and K.Lee Brown.

2. <u>STATEMENT OF NO ADMISSION</u>

a) This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission by the Parties as to the truth of the factual allegations or the merits of the claims made in this Action.

b) This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission of liability or wrongdoing on the part of Defendant with respect to this Action.

c) This Joint Stipulation may not be admitted into evidence or used in any proceeding, except an action, motion, or proceeding to approve, interpret, or enforce the terms of the Joint Stipulation and attached Settlement Agreements.

3. <u>MONETARY TERMS OF SETTLEMENT</u>

a) PUB will make payments totaling Five Hundred Thousand Dollars and Zero Cents ($500,000.00) in exchange for the Plaintiffs signing the attached release

agreements in Exhibit A and Plaintiffs' other promises herein. The settlement includes the following payments:

   i.   "Attorneys' Fees and Litigation Expenses and Costs" in the total amount of One Hundred Seventy Thousand Seven Hundred Forty Nine Dollars and Sixty Four Cents ($170,749.64), which is $166,666.67 in fees and $4,082.97 in costs, for which Plaintiffs' Counsel shall receive a Form 1099;

   ii.   "Overtime Payments, potential penalties and other consideration" totaling Three Hundred Nineteen Thousand Two Hundred Fifty Dollars and Thirty Six Cents ($319,250.36) pursuant to the amounts set forth in the attached settlement agreements in Exhibit A, for which Plaintiffs shall receive a Form W-2 and 1099 and the amounts which were determined by Plaintiffs' counsel's through discovery in this matter and discussions with Plaintiffs and reflective of the number of workweeks in the relevant time period and potential number of hours worked;

   iii.   "Service Award Payments" in the amount of Five Thousand Dollars ($5,000.00) for each Named Plaintiffs in recognition for services they rendered to the opt-in Plaintiffs and for which Named Plaintiffs shall receive a Form 1099 as outlined in their settlement agreements attached at Exhibit A.

   b)   The amounts paid pursuant to this Joint Stipulation will not be taken into account in determining the rights or benefits of any Plaintiff under any benefit plan.

   c)   Upon execution of the form attached as Exhibit A and following approval of this settlement by the Court as set forth in Paragraph 4 below and all conditions set forth in the attached settlement agreements at Exhibit A, payments to Plaintiffs shall be made within thirty (30) days. The payment for Attorneys' Fees and Litigation Expenses

and Costs shall be made within thirty (30) days of approval, provided Plaintiffs' Counsel has provided Defendant with a Form W-9 and all conditions set forth in the attached settlement agreements at Exhibit A have been fulfilled.

4. RELEASE OF CLAIMS

Following the Court's approval of the Settlement, Plaintiffs release Defendant and all related parties as articulated in the attached settlement agreements at Exhibit A, Section 4.

5. CONSTRUCTION

The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm's-length negotiations between and among the Parties. The Parties engaged in two separate mediation sessions with Magistrate Judge Garfinkel. *See* Dkts. 101, 117, 119, 126. Accordingly, this Joint Stipulation is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of the Joint Stipulation.

6. INTEGRATION

This Joint Stipulation, and the attached settlement agreements, contains the entire agreement between the parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

7.        PARTIES' AUTHORITY

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

Signed this 18th day of June, 2014.

| | |
|---|---|
| PLAINTIFFS, Tracy Fracasse and K. Lee Brown, on behalf of themselves and all others similarly situated, | DEFENDANT, PEOPLE'S UNITED BANK |
| By: _/s/  Kevin C. Shea_ | By: _/s/ David R. Golder_ |
| William H. Clendenen, Jr. (ct09772)<br>Kevin C. Shea (ct13781)<br>Clendenen & Shea, LLC<br>400 Orange Street<br>New Haven, CT 06502<br>(203) 787-1183<br>(203) 787-2847 (facsimile) | William J. Anthony (ct 17865)<br>David R. Golder (ct 27941)<br>Jackson Lewis P.C.<br>90 Statehouse Square, 8th Floor<br>Hartford, CT  06103<br>Tel: (860) 522-0404<br>Fax: (860) 247-1330<br>anthonyw@jacksonlewis.com<br>golderd@jacksonlewis.com |
| R. Bartley Halloran<br>Kaitlin Halloran<br>Halloran & Halloran<br>City Place II – 15th Floor<br>185 Asylum Street<br>Hartford, CT 06103<br>(860) 726-7810<br>(860) 726-7813 (facsimile) | |

CERTIFICATION OF SERVICE

I hereby certify that on June 18, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ David R. Golder*
David R. Golder

4813-5844-5082, v.  3