# EXHIBIT A

## AGREEMENT AND RELEASE FOR NAMED PLAINTIFF

People's United Bank ("PUB") and **[Employee Name]** ("Employee"), on behalf of themselves, Employee's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Pending Claims.**  Employee is a named plaintiff in a collective action entitled Fracasse et al v. People's United Bank, Case 3:12-cv-00670-JCH (D. Conn.).  In addition, Employee is a named plaintiff in Fracasse et al v. People's United Bank, Case 3:12-cv-00856 (D. Conn.) that was dismissed by the Connecticut District Court, appealed to the Second Circuit, entitled Fracasse v. People's United Bank, Case: 13-266 (2d Cir.), and subsequently remanded to Connecticut State Court Fracasse v. People's United Bank, Case: NNH-CV-12-6029536-S (the "the Related Litigation").  PUB and Employee wish to settle these two disputes.

2. **Consideration.**  In consideration for signing this Agreement and Release, and complying with its terms, PUB agrees:

    a. to pay to Employee _____Dollars and Zero Cents ($_____.00).  50% of this settlement amount will be in a wage check made payable to "[Employee Name]" for gross wages minus applicable employment withholdings and taxes, and for which PUB will issue an IRS Form W2.  The other 50% of this settlement amount will be for non-wage related compensation and consideration for a general release and withdrawal of the Related Litigation and for which IRS Form 1099 will be issued to the Employee.  These payments are made in full and final settlement of Employee's claims against PUB in the Lawsuit.  PUB takes no position regarding the question of tax liability in relation to any settlement payment made to Employee and encourages Employee to rely on Employee's own accountant or tax attorney for advice.  Employee indemnifies PUB for any tax liability imposed on Employer for failure to withhold from any of the payments set forth above.  Employee understands and agrees that Employee would not receive the monies specified above, except for Employee's execution of this Agreement and Release and the fulfillment of the promises contained herein.

    b. A Service Award of $5,000, if approved by the Court and for which IRS Form 1099 will be issued to the Employee.

    c. PUB will deliver such sums of money herein identified to counsel for Plaintiffs, and such delivery shall constitute payment by PUB, receipt of which is acknowledged by Employee.  Counsel for Plaintiffs is responsible for delivering the payment to the Employee.  Except as otherwise set forth in this Agreement and Release, payment of the amounts set forth herein shall be made by PUB within 30 days of all of the following occurring: (1) the signing of this Agreement; (2) being informed by Plaintiffs' counsel of the specific amounts owed to each Plaintiff; (3) receiving a letter from Plaintiffs' counsel regarding the referencing of the Lawsuit; (4) the Court approving the terms and conditions of the settlement; (5) each Opt-in Plaintiff signing his or her individual "Settlement Agreement" and providing any information necessary for payment by PUB, including but not limited to W-9's and current home address; (6) the dismissal with prejudice of the entire lawsuit—Fracasse et al v. People's United Bank, Case 3:12-cv-00670-JCH (D. Conn.)—including all state and federal claims; and (7) withdrawal with prejudice by Plaintiffs of the Related Action, entitled Fracasse

et al v. People's United Bank, Case 3:12-cv-00856 (D. Conn.) that was dismissed by the Connecticut District Court, appealed to the Second Circuit, entitled Fracasse v. People's United Bank, Case: 13-266 (2d Cir.), and subsequently remanded to Connecticut State Court Fracasse v. People's United Bank, Case: NNH-CV-12-6029536-S.  Plaintiffs' Counsel will distribute, at their own expense, the check described above to Employee.

3. **No Consideration Absent Execution of this Agreement.**  Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and Release and the fulfillment of the promises contained herein.

4. **General Release of All Claims Including Claims From This Lawsuit And Related Lawsuit**.  Employee knowingly and voluntarily releases and forever discharges PUB, its parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of any federal or state minimum wage law, overtime law, or any other payment and work hour laws, or any other federal, state or local law, rule, regulation, or ordinance.  This general release includes but is not limited to any claims that were brought or could have been brought in this litigation (Fracasse et al v. People's United Bank, Case 3:12-cv-00670-JCH (D. Conn.)) and the Related Litigation (Fracasse et al v. People's United Bank, Case 3:12-cv-00856 (D. Conn.) that was dismissed by the Connecticut District Court, appealed to the Second Circuit, entitled Fracasse v. People's United Bank, Case: 13-266 (2d Cir.), and subsequently remanded to Connecticut State Court Fracasse v. People's United Bank, Case: NNH-CV-12-6029536-S).  Pursuant to this release, Employee will withdraw with prejudice the Related Litigation.  If any claim is not subject to release, to the extent permitted by law Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which PUB or any other Releasee identified in this Agreement is a party.

5. **Acknowledgments and Affirmations.**  Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against PUB other than the Litigation Fracasse et al v. People's United Bank, Case 3:12-cv-00670-JCH (D. Conn.) and the Related Litigation entitled Fracasse et al v. People's United Bank, Case 3:12-cv-00856 (D. Conn.) that was dismissed by the Connecticut District Court, appealed to the Second Circuit, entitled Fracasse v. People's United Bank, Case: 13-266 (2d Cir.), and subsequently remanded to Connecticut State Court Fracasse v. People's United Bank, Case: NNH-CV-12-6029536-S.  Employee also affirms that Employee has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which Employee may be entitled.

Employee also affirms that Employee has not impermissibly divulged any proprietary or confidential information of PUB and will continue to maintain the confidentiality of such

information consistent with PUB's policies and Employee's agreement(s) with PUB and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by PUB or its officers, including any allegations of corporate fraud. Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Governing Law and Interpretation.**  This Agreement and Release shall be governed and conformed in accordance with the laws of Connecticut without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Agreement and Release and/or to seek any damages for breach.  Should any provision of this Agreement and Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and Release in full force and effect.

7. **Nonadmission of Wrongdoing.**  The Parties agree that neither this Agreement and Release nor the furnishing of the consideration for this Agreement and Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment**.  This Agreement and Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and Release.

9. **Nondisclosure**.  Other than to refer to the filing of this agreement with the Court, Employee agrees not to disclose the substance of this Agreement and Release, except to Employee's spouse, tax advisor, and/or an attorney with whom Employee chooses to consult regarding Employee's consideration of this Agreement and Release.  Employee will not discuss the terms of this Agreement and Release with other employees at the Bank who were not parties to this lawsuit.

10. **Joint Participation and Negotiation of Agreement**.  The Parties have had the advice of legal counsel and the opportunity to review, comment upon, and negotiate this Agreement.  Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party.  This Agreement shall be construed in light of the fact that the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

11. **Entire Agreement.**  This Agreement and Release as well as the Stipulation of Settlement, to which this Agreement and Release is attached, set forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement and Release, except for those set forth in the Stipulation of Settlement and this Agreement and Release.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND RELEASE AND HAS CONSULTED WITH THEIR ATTORNEY REGARDING THE TERMS OF THIS AGREEMENT.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND ADVICE FROM THEIR ATTORNEY, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

Employee/Plaintiff                                                  People's United Bank

                                                                                  By:_____

By:_____                                [Insert]
   [Employee's Name]                                             (in official capacity only)


Date:_____                       Date:_____

## AGREEMENT AND RELEASE FOR OPT-IN PLAINTIFF

People's United Bank ("PUB") and **[Employee Name]** ("Employee"), on behalf of themselves, Employee's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Pending Claim.** Employee is a plaintiff in a collective action entitled <u>Fracasse et al v. People's United Bank</u>, Case 3:12-cv-00670-JCH (D. Conn.). PUB and Employee wish to settle this dispute.

2. **Consideration.** In consideration for signing this Agreement and Release, and complying with its terms, PUB agrees:

   a. to pay to Employee _____Dollars and Zero Cents ($_____.00). 50% of this settlement amount will be in a wage check made payable to "[Employee Name]" for gross wages minus applicable employment withholdings and taxes, and for which PUB will issue an IRS Form W2. The other 50% of this settlement amount will be for non-wage related compensation for which IRS Form 1099 will be issued to the Employee. These payments are made in full and final settlement of Employee's claims against PUB in the Lawsuit. PUB takes no position regarding the question of tax liability in relation to any settlement payment made to Employee and encourages Employee to rely on Employee's own accountant or tax attorney for advice. Employee indemnifies PUB for any tax liability imposed on Employer for failure to withhold from any of the payments set forth above. Employee understands and agrees that Employee would not receive the monies specified above, except for Employee's execution of this Agreement and Release and the fulfillment of the promises contained herein.

   b. PUB will deliver such sums of money herein identified to counsel for Plaintiffs, and such delivery shall constitute payment by PUB, receipt of which is acknowledged by Employee. Counsel for Plaintiffs is responsible for delivering the payment to the Employee. Except as otherwise set forth in this Agreement and Release, payment of the amounts set forth herein shall be made by PUB within 30 days of all of the following occurring: (1) the signing of this Agreement; (2) being informed by Plaintiffs' counsel of the specific amounts owed to each Plaintiff; (3) receiving a letter from Plaintiffs' counsel regarding the referencing of the Lawsuit; (4) the Court approving the terms and conditions of the settlement; (5) each Opt-in Plaintiff signing his or her individual "Settlement Agreement" and providing any information necessary for payment by PUB, including but not limited to W-9's and current home address; (6) the dismissal with prejudice of the entire lawsuit—<u>Fracasse et al v. People's United Bank</u>, Case 3:12-cv-00670-JCH (D. Conn.)—including all state and federal claims; and (7) withdrawal with prejudice by Plaintiffs of the Related Action, entitled <u>Fracasse et al v. People's United Bank</u>, Case 3:12-cv-00856 (D. Conn.) that was dismissed by the Connecticut District Court, appealed to the Second Circuit, entitled <u>Fracasse v. People's United Bank</u>, Case: 13-266 (2d Cir.), and subsequently remanded to Connecticut State Court <u>Fracasse v. People's United Bank</u>, Case: NNH-CV-12-6029536-S. Plaintiffs' Counsel will distribute, at their own expense, the check described above to Employee.

3. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in

paragraph "2" above, except for Employee's execution of this Agreement and Release and the fulfillment of the promises contained herein.

    4.  **Release of Wage Claims And Claims From This Lawsuit**.  Employee knowingly and voluntarily releases and forever discharges PUB, its parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of or relating to any alleged violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.; Connecticut Wage Law; breach of contract, unjust enrichment; or any other federal, state or local law, statute, or regulation concerning unpaid wages, overtime wages, or the computation or payment of wages or overtime compensation for work performed by Employee, whether now known or unknown, that have been, or could have been asserted in this action, in any action in any court of competent jurisdiction, or in any federal or state agency administrative proceeding, by any Employee against the Releasees, which claims, rights, contract violations, or causes of action are in connection with, arose out of, or will arise out of or relate to any of the allegations or claims that have been, or could have been asserted in the Litigation ("Settled Claims").  If any claim is not subject to release, to the extent permitted by law Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party.

    5.  **Acknowledgments and Affirmations.**  Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against PUB other than the Litigation <u>Fracasse et al v. People's United Bank</u>, Case 3:12-cv-00670-JCH (D. Conn.).  Employee also affirms that Employee has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which Employee may be entitled.

    Employee also affirms that Employee has not impermissibly divulged any proprietary or confidential information of PUB and will continue to maintain the confidentiality of such information consistent with PUB's policies and Employee's agreement(s) with PUB and/or common law.

    Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by PUB or its officers, including any allegations of corporate fraud.  Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.  To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

    6.  **Governing Law and Interpretation.**  This Agreement and Release shall be governed and conformed in accordance with the laws of Connecticut without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Agreement and Release and/or to seek any damages for breach.  Should any provision of this Agreement and Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be

enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and Release in full force and effect.

7. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement and Release nor the furnishing of the consideration for this Agreement and Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8. **Amendment**. This Agreement and Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and Release.

9. **Nondisclosure**. Other than to refer to the filing of this agreement with the Court, Employee agrees not to disclose the substance of this Agreement and Release, except to Employee's spouse, tax advisor, and/or an attorney with whom Employee chooses to consult regarding Employee's consideration of this Agreement and Release. Employee will not discuss the terms of this Agreement and Release with other employees at the Bank who were not parties to this lawsuit.

10. **Joint Participation and Negotiation of Agreement**. The Parties have had the advice of legal counsel and the opportunity to review, comment upon, and negotiate this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party. This Agreement shall be construed in light of the fact that the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of the other.

11. **Entire Agreement.** This Agreement and Release as well as the Stipulation of Settlement, to which this Agreement and Release is attached, set forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement and Release, except for those set forth in the Stipulation of Settlement and this Agreement and Release.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND RELEASE AND HAS CONSULTED WITH THEIR ATTORNEY REGARDING THE TERMS OF THIS AGREEMENT.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND ADVICE FROM THEIR ATTORNEY, ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

| Employee/Plaintiff | People's United Bank |
|---|---|
| By:_____ [Employee's Name] | By:_____ [Insert] (in official capacity only) |
| Date:_____ | Date:_____ |